GEORGE T. CONNELL, plaintiff in error, *vs.* TOMAS VAUGHN, defendant in error.

A motion was made, in the Court below, to open a judgment obtained prior to the 1st day of June, 1865, for the purpose of having the same scaled, as provided by the 2nd section of the Relief Act of 1868, upon the ground that the defendant in the judgment had lost a large amount of property by the results of the war, without any fault of the plaintiff, so far as the record shows, which motion was overruled by the Court: *Held,* that the defendant in the judgment did not make out such a case as entitled him to any equitable relief, under the provisions of the Act of 1868, and that the judgment of the Court below should be affirmed.

Relief Law. Motion to Reduce Judgment. Decided by Judge BIGBY. Carroll Superior Court. April Term, 1869.

Vaughn held a judgment against Connell founded upon a debt contracted prior to June, 1865. He moved to have this judgment submitted to a jury, under the second section of the

Connell *vs.* Vaughn.

Relief Act of 1868, for the purpose of having the jury reduce it. The ground upon which he claimed it should be so submitted was, that, at the time he contracted said debt, he owned seventeen slaves, worth $17,000 00, and *choses in action* worth $5,000 00, all of which had been lost by reason of the late war between the United States and the Confederate States, and without his fault. The Court refused to allow it submitted to the jury, upon the ground that that section of the "Relief Law" is in conflict with the 31st section of the 1st article, and with the 5th and 6th section of the 11th article of the Constitution of Georgia, and with the 10th section of the 1st article of the Constitution of the United States. This refusal is assigned as error. (This cause was argued at June Term, 1869, and held up by the Court.)

AUSTIN & REESE, by L. J. GLENN, for plaintiff in error.

B. OLIVER, for defendant.

WARNER, J.

The defendant in the judgment did not make such a case, in the Court below, as entitled him to any equitable relief, under the provisions of the Act of 1868, according to the previous ruling of a majority of this Court. I concur in affirming the judgment of the Court below, in this case, on the ground that the second section of the Act of 1868 is unconstitutional and void, the same being in conflict with the Constitution of this State, and the Constitution of the United States.

Let the judgment of the Court below be affirmed.